UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,                Case No. 24-cr-20262
                                           Honorable F. Kay Behm

vs.

Joshua Izon Trouser,

                Defendant.

---

## Order of Forfeiture

---

Based on defendant Joshua Izon Trouser's ("defendant") guilty plea to Count Four, Wire Fraud, in violation of 18 U.S.C. § 1343, the Government's Application for Entry of Order of Forfeiture, all information contained in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The defendant shall forfeit to the United States his interest in any and all property, real or personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to his violation of Count Four under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c).

2. A forfeiture money judgment in the amount of $16,500.00, is granted and

entered against the defendant in favor of the United States of America which represents the total amount of proceeds the defendant obtained from the wire fraud scheme described in the factual basis of his Rule 11 Plea Agreement.

3.  To satisfy the money judgment, any assets that the defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

4.  The United States is permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets under Federal Rule of Criminal Procedure 32.2(b)(3).

5.  Pursuant to Fed. R. Crim. P. 32.2(b) and 32.2(b)(4)(A) and (B), this Order of Forfeiture shall become final upon entry and the forfeiture money judgment shall be made part of the defendant's sentence, included in his Judgment, and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

6.  The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED.

Dated: February 19, 2026          s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge